UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF TERRY HUDSON,
et al.,

    *Plaintiffs,*

v.

THE ISLAMIC REPUBLIC OF IRAN,
et al.,

    *Defendants.*

Case No. 1:19-cv-377-RCL

## ORDER

Pursuant to its authority to appoint special masters "to hear damages claims brought under" 28 U.S.C. § 1605A(e) and Federal Rule of Civil Procedure 53, the Court appoints Alan L. Balaran ("Mr. Balaran" or the "Special Master") as special master to take evidence and file a report and recommendation regarding the measure of individual damages for which the defendants, the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"), are liable.

On July 2, 2010, the Court adopted an Administrative Plan Governing Special Masters (the "Administrative Plan"). *See O'Brien v. Islamic Republic of Iran*, No. 06-cv-690 (RCL), ECF No. 29.[1] In accordance with Rule 53, the Plan sets forth potential special masters' qualifications, duties, powers, compensation method, and method of appointment. In appointing a special master, the Court must examine the individual's *curriculum vitae* and an affidavit indicating that the special master has read and will abide by the Administrative Plan if appointed. Rule 53 additionally requires that a potential special master "file[] an affidavit disclosing whether there is

---

[1] The Court has attached the Plan to this Order as Exhibit A.

1

any ground for [his] disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3)(A). Mr. Balaran has supplied both (1) an affidavit asserting his impartiality and affirming that he has read and will abide by the Administrative Plan and (2) his *curriculum vitae*.[2] The Court finds both submissions satisfactory and fully compliant with the mandates of the Administrative Plan and Rule 53.

Pursuant to Rule 53 and the inherent authority of the Court, the Court now sets forth the duties and terms of Mr. Balaran's appointment as special master.

1. The Special Master shall have the rights, powers, and duties set forth in Rule 53. He may adopt procedures consistent with Rule 53 and the obligations imposed by the Administrative Plan Governing Special Masters adopted in *O'Brien v. Islamic Republic of Iran*, No. 06-cv-690, ECF No. 29. He may take all appropriate measures to fairly and efficiently perform the assigned duties.

2. In addition to the obligations imposed by the Administrative Plan, the Special Master shall: (1) take evidence and report on each plaintiff's qualification for relief under 28 U.S.C. § 1605A(c); and (2) take and report evidence demonstrating the state that governs the survival of those plaintiffs' claims who are deceased and alleging claims for damages suffered during life. The Court shall dismiss those claims for which the relevant state laws do not permit survival.

3. In accordance with Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at his discretion, without providing notice to the parties, in order to assist the Court with legal analysis of the parties' submissions. The Special Master may also communicate

---

[2] Mr. Balaran's affidavit is attached to this Order as Exhibit B. His *curriculum vitae* is attached to this Order as Exhibit C.

2

*ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, management of the underlying case, and other appropriate procedural matters.

4. The Special Master may communicate *ex parte* with any party or his or her attorney, as the special master deems appropriate, to ensure the efficient administration and management of this Order of Reference, including the making of informal suggestions to the parties to facilitate compliance with orders of the Court. These *ex parte* communications will be limited to discovery or other procedural issues and shall not address the merits of any substantive issue.

5. Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report, or recommendation by the Special Master within 21 calendar days of the date it was electronically filed. Failure to meet this deadline will result in the permanent waiver of any objection to the Special Master's findings, reports, or recommendations. Absent timely objection, the Special Master's findings, reports, and recommendations shall be deemed approved, accepted, and ordered by the Court, unless the Court expressly provides otherwise.

6. As provided for in Rule 53(f)(4) and Rule 53(f)(5), the Court shall decide *de novo* all objections to conclusions of law made or recommended by the Special Master. The Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, subject to waiver of objection to written orders or recommendations as noted above. To the extent the Special Master enters a finding, report, or recommendation regarding an issue of fact, the Court shall review the issue *de novo* if any party timely objects within the 21-day time period set forth herein. *See* Fed. R. Civ. P. 53(f)(3). Failure to meet this deadline will result in the permanent waiver of any objections to the Special Master's findings of fact.

7. The Special Master shall have the full cooperation of the parties and their counsel. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order of Reference.

8. Pursuant to Rule 53(c), the Special Master may, if appropriate, recommend that the Court "impose upon any party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." Fed. R. Civ. P. 53(c)(2).

9. In accordance with Rule 53(b)(2), the Special Master shall "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

It is **SO ORDERED**.

SIGNED this ___ day of December, 2021.

Royce C. Lamberth
United States District Judge